# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATIENTS FIRST, LLC, d/b/a
DYNAMIC REHABILITATION and
DYNAMIC REHABILITATION CENTERS,
a Michigan limited liability company,                    Case No.:

                                                                                                    Hon.

      Plaintiff,

vs.

DYNAMIC REHAB CENTER, INC.,                              **DEMAND FOR JURY TRIAL**
a Michigan corporation,

      Defendant.
_____/

## **COMPLAINT**

Plaintiff Patients First, LLC, d/b/a Dynamic Rehabilitation and Dynamic Rehabilitation Centers ("Dynamic Rehabilitation") states for its Complaint against Defendant Dynamic Rehab Center, Inc ("Dynamic Rehab") as follows:

### **PARTIES AND JURISDICTION**

1.     Plaintiff Dynamic Rehabilitation is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 1800 West Big Beaver Road, Troy, Michigan 48084.

2.     Defendant Dynamic Rehab is a corporation organized and existing under the laws of the State of Michigan, with offices at 20755 Greenfield Road, Suite 800, Southfield, Michigan 48075.

3. This is an action for false designation of origin, false representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I), for violation of the Michigan Consumer Protection Act, MCL § 445.901 et. seq. (Count II), and for trademark infringement, trademark dilution and unfair competition under Michigan's common law (Count III).

4. Jurisdiction arises under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a).

5. Venue is properly laid in this judicial district under 28 U.S.C. § 1391(b).

## COMMON ALLEGATIONS

6. Since 1992, Dynamic Rehabilitation and its predecessors and affiliates have been in the business of providing physical rehabilitation services in locations throughout the Detroit Metropolitan Area under the trade names and trademarks "Dynamic Rehabilitation Centers" and "Dynamic Rehabilitation." Dynamic Rehabilitation currently operates numerous locations throughout the area, including Southfield, Michigan. **Exhibit A**.

7. Throughout its existence, Dynamic Rehabilitation's services have moved in or affected interstate commerce. Dynamic Rehabilitation spends substantial amounts of money to purchase goods and supplies from out of state sources that are used in its business, including the MEDX Lumbar Machine and other machines that are used to provide physical rehabilitation services. In addition, numerous patients who reside in different states and in Canada travel to Michigan to receive treatment at Dynamic Rehabilitation's facilities.

8. Dynamic Rehabilitation has spent substantial funds and resources to identify its "Dynamic Rehabilitation Centers" and "Dynamic Rehabilitation" names and marks to the public.

9.      Since 1992, Dynamic Rehabilitation has used the names "Dynamic Rehabilitation Centers" and "Dynamic Rehabilitation" extensively in interstate commerce in connection with providing physical rehabilitation services, which use has included substantial and continuous print advertising, "word of mouth" advertising, prominent facility signage including signage at Comerica Park, and through its website at DynamicRehab.com.  Copies of Dynamic Rehabilitation's widely disseminated brochure is attached hereto as **Exhibit B**.  Copies of Dynamic Rehabilitation's advertisements at Comerica Park are attached as **Exhibit C**.  Copies of Dynamic Rehabilitation's webpages are attached hereto as **Exhibit D**.

10.     As a result of Dynamic Rehabilitation's extensive use and promotion of the "Dynamic Rehabilitation Centers" and "Dynamic Rehabilitation" marks in connection with providing physical rehabilitation services, Dynamic Rehabilitation's marks have acquired distinctiveness and have become strong and well-known marks in Michigan and beyond in connection with providing physical rehabilitation services.

11.     Dynamic Rehab began doing business in Michigan on or about January, 2011, under the virtually identical name of "Dynamic Rehab Center" providing the identical or similar physical rehabilitation services as Dynamic Rehabilitation, and operating facilities in a location within __ miles of one of Dynamic Rehabilitation's own locations.

12.     Dynamic Rehabilitation learned of Dynamic Rehab's use of the Dynamic Rehab name on or about April 18, 2012, when a Dynamic Rehabilitation employee happened onto Defendant's facility and obtained a business card from the facility operator.  A copy of the business card is attached as **Exhibit E**.

13. Dynamic Rehab's unauthorized use of the virtually identical name of "Dynamic Rehab Center" in connection with its business has not been approved by Dynamic Rehabilitation for use by Dynamic Rehab and is likely to cause confusion and mistake and to deceive customers as to the source or origin of Dynamic Rehab and/or its services.

14. Upon information and belief, the actions of Dynamic Rehab have been taken with full knowledge of Dynamic Rehabilitation's rights and with the intent to unfairly compete with Dynamic Rehabilitation by passing its services off as having a relationship to Dynamic Rehabilitation.

15. On April 20, 2012, Dynamic Rehabilitation's counsel sent a letter to Dynamic Rehab by certified mail informing it that its use of the name "Dynamic Rehab Center" constituted unfair competition under state and federal law of Dynamic Rehabilitation's trademarks under federal law. Dynamic Rehabilitation's counsel demanded that Dynamic Rehab immediately cease and desist from any further use of the name "Dynamic Rehab Center" or any other name confusingly similar to Dynamic Rehabilitation's marks. A copy of this letter is attached hereto as **Exhibit F**. Dynamic Rehab failed to respond in any manner or to comply with Dynamic Rehabilitation's demand. Dynamic Rehab continues to use the name "Dynamic Rehab Center."

## **COUNT I**

### **FALSE DESIGNATIONS OF ORIGIN, FALSE REPRESENTATIONS, AND FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 USC § 1125(a)**

16. Dynamic Rehabilitation realleges the paragraphs above.

17. Dynamic Rehab's use of the virtually identical name "Dynamic Rehab Center" in connection with identical or similar services, and in locations near Dynamic Rehabilitation's own facilities, has caused (and will continue to cause) confusion, mistake or deception as to the affiliation, connection or association of Dynamic Rehabilitation's and Dynamic Rehab's services among the public, or as to the origin, sponsorship or approval of Dynamic Rehab's services by Dynamic Rehabilitation, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. By engaging in these activities, Dynamic Rehab has made and is making false, deceptive and misleading statements constituting false representations and false advertising made in connection with their services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19. Dynamic Rehab's acts of unfair competition and false advertising have caused irreparable injury to Dynamic Rehabilitation's goodwill and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Dynamic Rehabilitation with no adequate remedy at law.

20. By reason of the foregoing, Dynamic Rehabilitation is entitled to injunctive relief against Dynamic Rehab, restraining further acts of unfair competition and false advertising, and, after trial, to recover any damages proven to have been caused by reason of Dynamic Rehab's aforesaid acts of false designations of origin, false representations and false advertising.

## COUNT II

### Michigan Consumer Protection Act
### (MCL § 445.901 et. seq.)

21.     Dynamic Rehabilitation realleges the paragraphs above.

22.     Dynamic Rehab's conduct in the advertising, provision of services and/or offering to provide rehabilitation services under the trade name Dynamic Rehab Center causes a probability of confusion or misunderstanding of the source, sponsorship, or approval of the services in violation of the Michigan Consumer Protection Act.

23.     Upon information and belief, Dynamic Rehab's actions were done, and continue to be done, willfully with knowledge that such conduct was and is in direct contravention of Dynamic Rehabilitation's trade name and other proprietary rights in "Dynamic Rehabilitation Centers" and "Dynamic Rehabilitation."  Dynamic Rehab knew or should have known that its actions would cause confusion among its patients, referral sources and members of the general public as to the source, sponsorship or approval of the rehabilitation services.

24.     Upon information and belief, Dynamic Rehab plans to continue the conduct complained of herein.  Dynamic Rehabilitation has no adequate remedy at law.  The conduct of Dynamic Rehab described above has caused and, if not enjoined, will continue to cause irreparable harm to the rights of Dynamic Rehabilitation in its trade names "Dynamic Rehabilitation" and "Dynamic Rehabilitation Centers" and to the business, reputation and goodwill of Dynamic Rehabilitation.  Dynamic Rehabilitation is also suffering monetary damage in an amount not yet determined.

## COUNT III

### TRADEMARK INFRINGEMENT, TRADEMARK DILUTION AND UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

25. Dynamic Rehabilitation realleges the paragraphs above.

26. By simulating Dynamic Rehabilitation's trademark, Dynamic Rehab has induced the public to believe that the services it offers are the services of Dynamic Rehabilitation or that it is somehow associated with or endorsed by the Dynamic Rehabilitation. Dynamic Rehab has thereby wrongfully misappropriated the value of the reputation that Dynamic Rehabilitation has acquired through years of hard work and the expenditure of considerable resources.

27. Dynamic Rehab's actions, as described above, constitute trademark infringement or "palming off" which is a form of unfair competition and is a violation of Dynamic Rehabilitation's rights under Michigan's common law.

28. Dynamic Rehab's simulation of Dynamic Rehabilitation's trademark in the same industry and in the same locale has caused and is likely to continue to cause confusion among the buyers and referrers of physical rehabilitation services.

29. Dynamic Rehab has, by the actions described above, engaged in a course of conduct designed to deceive and confuse the public into believing that its services are the same as those offered by the Dynamic Rehabilitation and/or that a relationship exists between the Dynamic Rehabilitation and Dynamic Rehab.

30. Dynamic Rehabilitation and Dynamic Rehab are direct business competitors.

31. The acts of Dynamic Rehab as described herein are likely to dilute and detract from the distinctiveness of Dynamic Rehabilitation's trademark, with consequent damage to Dynamic

Rehabilitation and the business and goodwill symbolized by said trademark, in violation of Michigan common law.

32. Dynamic Rehabilitation has, as a result of Dynamic Rehab's activities, been substantially and irreparably damaged, and unless the Dynamic Rehab is restrained, Dynamic Rehab will cause further irreparable damage, leaving Dynamic Rehabilitation with no adequate remedy at law.

33. By reason of the foregoing, Dynamic Rehabilitation is entitled to injunctive relief against Dynamic Rehab restraining further acts of unfair competition and, after trial, to recover any damages proven to have been caused by reason of Dynamic Rehab's acts of unfair competition.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff Dynamic Rehabilitation requests the following relief:

A. That Defendant Dynamic Rehab, its agents, servants, employees, representatives, successors, assigns, and all persons, firms, or corporations in active concert or participation with Defendant Dynamic Rehab, be preliminarily and then permanently enjoined and restrained from advertising, providing services and/or offering to provide services under the infringing trade name "Dynamic Rehab Center," and any other trade name or trademark confusingly similar to Plaintiff's Dynamic Rehabilitation and Dynamic Rehabilitation Centers trade names and trademarks;

B. That Defendant Dynamic Rehab, its agents, servants, employees, representatives, successors, assigns, and all persons, firms, or corporations in active concert or participation with Defendant Dynamic Rehab, be

    preliminarily and then permanently enjoined and restrained from engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive consumers, including Defendant Dynamic Rehab's patients, patient referrers or members of the public, to believe that Defendant Dynamic Rehab's services originate from Plaintiff Dynamic Rehabilitation, is connected or affiliated with Plaintiff Dynamic Rehabilitation, are sponsored, approved, or licensed by Plaintiff Dynamic Rehabilitation.

C. That Defendant Dynamic Rehab be ordered to turn over to Plaintiff Dynamic Rehabilitation for destruction any and all of the following items which are in Defendant Dynamic Rehab's possession, custody or control: all promotional or advertising material, including signage or other such materials that include the infringing trade name or otherwise relates to the infringing trade name.

D. That Defendant Dynamic Rehab be required to account for and pay to Plaintiff Dynamic Rehabilitation all profits, gains, benefits, and advantages derived by Defendant Dynamic Rehab from its conduct as alleged above;

E. That Plaintiff Dynamic Rehabilitation recover from Defendant Dynamic Rehab any and all damages suffered by Plaintiff Dynamic Rehabilitation as a result of Defendant Dynamic Rehab's conduct as alleged above;

F. That Defendant Dynamic Rehab be ordered to pay punitive damages to Plaintiff Dynamic Rehabilitation for its conduct as alleged above;

G. That Plaintiff Dynamic Rehabilitation recover from Defendant Dynamic Rehab its costs of this action and reasonable attorneys' fees; and

H. That Plaintiff Dynamic Rehabilitation have all other relief that this Court deems just and equitable under the circumstances.

DATED: May 4, 2012 /s/ Homayune A. Ghaussi
R. Scott Keller (P59806)
Homayune A. Ghaussi (P63028)
WARNER NORCROSS & JUDD LLP
2000 Town Center, Suite 2700
Southfield, Michigan 48075
Telephone: (248) 784-5000
Facsimile: (248) 784-5005
Email: skeller@wnj.com
Email: hghaussi@wnj.com

Attorneys for Plaintiff

117234.117234 8288155